IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| THOMAS EARL CRINER | § | |
| v. | § | CIVIL ACTION NO. 6:23cv175 |
| HELEN BOWMAN, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Thomas Criner, a former inmate of the Henderson County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are persons identified as Helen Bowman, "Ms. Debbie," and Mary Stephenson, Captain Cody Barnett, Major David Faught, and Sheriff Botie Hillhouse. Plaintiff does not provide job titles, positions or other identifying information for Bowman, Ms. Debbie, or Stephenson.

**I. The Plaintiff's Complaint and the Motion to Dismiss**

Plaintiff filed his complaint in the form of a motion for injunctive relief. *See Muhammed v. Wiles*, 841 F.App'x 681, 2021 U.S. App. LEXIS 742, 2021 WL 112523 (5th Cir., January 12, 2021) (noting that the district court construed plaintiff's memorandum seeking injunctive relief as a complaint because otherwise, the case could not have commenced); Fed. R. Civ. P. 3. He states that he is a chronic diabetic with low blood sugar and asked for injunctive relief to reinstate his bedside aid protein supplement or sugar aid, when needed or at reach for emergencies. Plaintiff complains that the facility medical staff has canceled the peanut butter bedside jar given for the purpose of preventing the possibility of a diabetic coma. Plaintiff also says that he seeks a permanent injunction ordering the medical staff to provide bedside aid for low blood sugar emergencies.

1

The Defendants Sheriff Hillhouse, Cody Barnett, and Mary Stephenson have filed a motion to dismiss stating that Plaintiff has filed a notice of change of address stating that he is no longer confined in the Henderson County Jail, but has been sent to the Texas Department of Criminal Justice - Correctional Institutions Division. As a result, the Defendants state that Plaintiff's request for injunctive relief is moot. Plaintiff has not filed a response to the motion to dismiss.

## II. Discussion

Plaintiff's lawsuit seeks injunctive relief in the form of orders requiring the provision of items such as peanut butter or protein supplements to aid in controlling his diabetes. However, Plaintiff is no longer confined in the Henderson County Jail, where the claims arose. The Fifth Circuit has held that an inmate's transfer to another facility renders his claims for declaratory and injunctive relief moot, unless he can show a reasonable likelihood that he will be transferred back to the original facility and again subjected to the allegedly unconstitutional actions. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Plaintiff's claims for injunctive relief against personnel at the Henderson County Jail were rendered moot by his transfer from the jail to TDCJ-CID, inasmuch as he does not allege, much less show, that any of the named Defendants have the power to affect the medical care he receives in TDCJ-CID.

Plaintiff offers nothing to suggest a transfer back to the Henderson County Jail is likely, or that the "capable of repetition yet evading review" exception to the mootness doctrine otherwise applies. In order for this exception to apply, the litigant must show that the challenged action is too short in duration to be fully litigated and that there is a reasonable expectation that the aggrieved party will again be subject to the challenged action. *Spencer v. Kenma*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). A mere physical or theoretical possibility that an alleged action will recur is not enough to meet the second prong; rather, the litigant must show a reasonable expectation or demonstrated probability that the same controversy will recur. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plaintiff has made no such showing. Because his claims

for injunctive relief were rendered moot by his transfer to TDCJ-CID, and these claims comprise the entirety of his complaint, the lawsuit should be dismissed as moot.

## RECOMMENDATION

It is accordingly recommended that the Defendants' motion to dismiss (docket no. 19) be granted and the above-styled civil action be dismissed without prejudice as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed finding is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 10th day of October, 2023.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE